

Dated: July 24 2014

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-31456 |
| | ) | |
| John R. Shepler, Jr., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

**MEMORANDUM OF DECISION**
**REGARDING MOTION FOR RELIEF FROM STAY AND ABANDONMENT**

  This case came before the court for hearing on the Amended Motion of Genoa Banking Company for Relief from Stay and Abandonment of Real Estate and Personal Property [Doc. #8], and objections filed by Debtor [Doc. # 16] and the Chapter 7 Trustee [Doc. # 13]. The Trustee and Movant's attorney appeared by telephone, and Debtor's attorney appeared in person.

  In its Motion, Movant seeks relief from the automatic stay and abandonment with respect to real estate located at 409 Superior Street, Genoa, Ohio, and a 2006 Chevrolet Silverado Truck ("Truck") and 2013 car hauler trailer ("Trailer"). The Trustee objects based upon an argument that there may be equity in the subject property from which unsecured creditors may benefit. At the hearing, Movant indicated that it would seek relief from stay and abandonment only as to the Truck and the Trailer, leaving the real estate to be dealt with in the bankruptcy estate by the Trustee. The Trustee agreed that would resolve any objection he had to the Motion.

At the hearing, the court found Debtor's objection without merit to the extent it was based upon an argument under 11 U.S.C. § 522(f)(1)(B) in contending that his automobile exemption is impaired by Movant's nonpossessory, nonpurchase money security interest, *see* 11 U.S.C. § 522(f)(4)(B) (providing that "household goods" as used in § 522(f)(1)(B) does not include automobiles), and that Debtor lacked standing to argue that there was sufficient equity in the subject property for unsecured creditors to receive a distribution. At the conclusion of the hearing, the only argument remaining to be addressed is what the court construes as Debtor's marshaling of assets argument in contending that relief from stay should be denied as to Debtor's Truck because the subject real estate is sufficient to satisfy the debt owed to Movant.

Having considered the Motion, the objections filed and the arguments of counsel, for the following reasons and those stated at the hearing, the court will grant the Motion with respect to the Truck and the Trailer and will deny the Motion with respect to the real estate.

## BACKGROUND

Debtor filed for relief under Chapter 7 of the Bankruptcy Code on April 23, 2014. On August 28, 2013, to secure payment of a Note executed by Debtor in favor of Movant, Debtor executed a Mortgage and a Commercial Security Agreement, both governed by Ohio law. [*See* Movant's Ex. B, pp. 1, 12 & Ex. C. p. 2]. The Mortgage granted a security interest in real estate located at 409 Superior Street, Genoa, Ohio, ("Real Property") owned by Debtor and was duly perfected by filing on August 29, 2013, in the Ottawa County Recorders office. [Movant's Ex. B]. The Commercial Security Agreement granted a lien on the Truck and the Trailer. [*See* Movant's Ex. B and C]. The liens were duly perfected by filing a UCC-1 Financing Statement with the Ohio Secretary of State on August 30, 2013, and by notation on the Certificate of Title for the Truck. [*See* Movant's Ex. D & E]. The Note was reduced to judgment, [Movant's Ex. A], and, as of May 15, 2014, there was currently due and owing on the judgment a principal balance of $22,474.89, plus interest at an annual rate of 14%.

In addition, a federal tax lien in the amount of $101,874.59 was filed for record on September 6, 2013. [Movant's Ex. F, p. 2]. Debtor disputes this amount and has scheduled as an asset in this case a claim against another party for breach of contract in failing to satisfy Debtor's tax obligation. [*See* Doc. # 1, Schedule B, p. 11/52 & D, p. 15/52].

According to Debtor's schedules, the Real Property is valued at $65,000, and the Truck and Trailer are valued at $3,000 and $1,500, respectively. According to the Trustee, his auctioneer has also valued the Trailer at $1,500 but has valued the Truck at $ 3,500 and, due to the condition of the Real Property, has

2

valued it at between $25,000 and $30,000.

## LAW AND ANALYSIS

A statutory automatic stay arises upon the filing of a bankruptcy petition that generally bars all debt collection activities against a debtor and property of his bankruptcy estate. 11 U.S.C. § 362(a). Under § 362(d),

> [o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
> . . . .
> (2) with respect to a stay of an act against property under subsection (a), if --
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization. . . .

11 U.S.C. § 362(d)(2). In addition, under § 554, "the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b).

Although Movant originally sought relief from the automatic stay and abandonment as to the Real Property as well as the Truck and Trailer, as discussed above, Movant is now proceeding only as to the Truck and Trailer. There is no question that the nearly $23,000 debt owed to Movant that is secured by the Truck and the Trailer far exceeds the value of the those vehicles, which combined totals at most only $5,000. Thus Debtor has no equity in the vehicles even if the federal tax lien is not considered. The vehicles, therefore, are of no value to the bankruptcy estate.[1] As this is a Chapter 7 case, the vehicles are not necessary to an effective reorganization. *See In re Newpower*, 233 F.3d 922, 935 (6th Cir. 2000).

Nevertheless, Debtor advances a marshaling of assets argument in defense of the Motion. According to Debtor, given the value of the Real Property, Movant should be required to look to the Real Property to satisfy the debt owed to it and that the Motion should be denied as to the Truck and the Trailer. For the reasons that follow, the court disagrees.

In deciding whether to apply the doctrine of marshaling of assets, courts look to the law of the state governing the financing arrangement, in this case, Ohio law. *See In re C&B Oil Co.*, 72 B.R. 228, 230 (Bankr. N.D. Ohio 1987); *In re Leviton Constr. Co.*, 122 B.R. 530, 532 (Bankr. S.D. Ohio 1991); *In re*

---

[1] Although it is not clear whether or not the $101,874.59 federal tax lien has been perfected with respect to the vehicles, the Internal Revenue Code provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321.

3

*Wilmot Mining Co.*, 167 B.R. 806, 811 (Bankr. W.D. Penn. 1994). The doctrine is an equitable doctrine developed historically for the purpose of preventing injustice to a junior lienholder. *Homan v. Michles*, 118 Ohio App. 289, 292 (1963). In *Homan*, the court stated the doctrine as follows:

> [T]he doctrine of marshaling is a familiar one in equity, growing out of the equitable principle that a party having two funds to satisfy his demands shall not, by his election, disappoint a party who has only one of the funds upon which to rely, thus preventing him from exercising his right of recourse against the property or assets in question in an unreasonable manner or so as to satisfy his claim to the exclusion of such other claimants.

*Id.* at 290-91. The court explained, however, that in order for the doctrine to be applicable, "the rule is that the parties must be creditors of the same debtor." *Id.* at 291.

Although the *Homan* court was not specifically addressing the applicability of the doctrine at the request of a debtor, courts who have addressed that issue have concluded that the doctrine generally may not be invoked by a debtor. *See, e.g. Sowell v. Fed. Reserve Bank*, 268 U.S. 449, 457 (1925) (stating that "[t]he debtor may not ordinarily invoke the doctrine, for by doing so he would disregard the express provisions of his contract on which the creditor is entitled to rely); *Peterson v. Brent Banking Co.*, 514 So.2d 888, 889 (1987) (finding the debtor had no standing to invoke the doctrine of marshaling assets); *Penn Sec. Bank & Trust Co. v. Royce (In re Royce)*, 32 B.R. 63, 64-65 (Bankr. M.D. Penn. 1983) (stating that "it is apparent that marshaling is applied to protect the rights of competing creditors, rather than the interests of the debtor."); *see Fitzgerald v. Bair Auction Co. (In re Bair Auction Co.)*, No. 04-40825, 2006 WL 2621089, *3, 2006 Bankr. LEXIS 2315, *9 (Bankr. D. Idaho Sept. 12, 2006) (stating the doctrine of marshaling may be invoked only on behalf of secured creditors); *Hoffman v. Hartley (In re Hartley)*, 483 B.R. 700, 706 (Bankr. W.D. Wis. 2012) (recognizing the general rule that a debtor is in no position to complain about the order in which collateral is sold). *But see In re Borges*, 184 B.R. 874, 877-78 (Bankr. D. Conn. 1995) (finding that under §§ 544(a) and 1107(a), a debtor-in-possession has standing to invoke the doctrine as a hypothetical lien creditor). As one court explained, "the policy to be served by the doctrine – the protection of the rights of junior creditors – is not advanced when a debtor attempts to invoke the doctrine against his creditor." *Peterson*, 514 So.2d at 889

Although Debtor cites, and the court has found, no Ohio case addressing a debtor's request for marshaling of assets, the court is persuaded by the reasoning in the above cited cases and believes that the Ohio Supreme Court would decide similarly. *See Pack v. Damon Corp.*, 434 F.3d 810, 818 (6th Cir. 2006) ("Where a federal court is deciding an issue of state law that has not been decided by the state's highest

court, the federal court should determine how the state's highest court would decide the issue were it faced with it."). Because the doctrine of marshaling of assets is not applicable and Movant is otherwise entitled to the requested relief from stay with respect to, and abandonment of, the Truck and the Trailer, its Motion will be granted as to those vehicles. As Movant has indicated its willingness to leave the Real Property in the bankruptcy estate, the Motion will be denied as to the Real Property.

A separate order in accordance with this memorandum of decision will be entered by the court.

###

5